# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0240, <u>State of New Hampshire v. Jarid D. Crosby</u>, the court on August 10, 2018, issued the following order:**

Having considered the defendant's brief, the State's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Jarid D. Crosby, appeals his conviction, following a jury trial in Superior Court (<u>Ruoff</u>, J.), on misdemeanor charges of domestic violence and criminal threatening.  <u>See</u> RSA 631:2-b (2016) (amended 2017); RSA 631:4 (2016).  He argues that the trial court plainly erred, <u>see</u> <u>Sup. Ct. R.</u> 16-A, by allowing the State to elicit testimony from him that a State's witness had lied.

It is improper for the State to ask a testifying defendant to comment upon the credibility of another witness.  <u>See</u> <u>State v. Souksamrane</u>, 164 N.H. 425, 427-28 (2012); <u>State v. Lopez</u>, 156 N.H. 416, 423-24 (2007).  In this case, the State introduced testimony from the victim that the defendant had threatened to kill her, and from the defendant's sister that, shortly thereafter, he told her that he would kill the victim.  The defendant denied making either statement.  During his cross-examination, the following colloquy ensued:

> Q      You heard the testimony [of the defendant's sister] here that . . . . [y]ou said, well, you better find [the victim] first because otherwise I'm going to [f**king] kill her.  Did you say that?
> A      No.
> Q      You didn't?  So your sister made that up?
> A      Correct.
> Q      Okay.  Why would your sister make that up?
> A      It's unclear to me.

The defendant did not object to these questions.  On appeal, he argues that, in light of cases such as <u>Souksamrane</u> and <u>Lopez</u>, it was plain error for the trial court not to have stricken his testimony concerning whether his sister had lied, or to have issued, <u>sua</u> <u>sponte</u>, a curative instruction.  We disagree.

"A plain error that affects substantial rights may be considered even though it was not brought to the attention of the trial court . . . ."  <u>Sup. Ct. R.</u> 16-A.  This rule allows us to correct errors that were not raised at trial.  <u>State v. Drown</u>, 170 N.H. ___, ___ (decided June 5, 2018) (slip op. at 3).  The rule should be used sparingly, and limited to those circumstances in which a miscarriage of justice would otherwise result.  <u>Id</u>.  When an alleged plain error

concerns the introduction of objectionable testimony, the pertinent inquiry is not whether an objection would have been sustained, but whether the trial court should have intervened sua sponte to strike the objectionable questions or exclude the testimony. Id. at ___ (slip op. at 10). Because parties often have strategic reasons to waive evidentiary objections, we have cautioned trial judges against taking such measures. Id. at ___ (slip op. at 10-11).

To reverse a criminal conviction based upon a plain error, we must find, among other elements, that the alleged error affected substantial rights. State v. Cooper, 168 N.H. 161, 168 (2015). To demonstrate that an error at trial affected his substantial rights, the defendant must establish that the error was prejudicial, that is, that it affected the outcome of the proceeding. Id. This requirement "is similar to the harmless error analysis we use to evaluate preserved claims of error, with one important distinction: the State bears the burden under harmless error analysis, but the defendant bears the burden under the plain error test." Id. We will find that an error affected substantial rights if we cannot confidently state that the jury would have returned the same verdict in the absence of the error. Id. at 169.

In this case, we agree with the State that, even if there was an error, but see Drown, 170 N.H. at ___ (slip op. at 11) (finding no error in the trial judge's failure to intervene sua sponte to strike cross-examination testimony of defendant regarding whether the victim was lying), the defendant has failed to establish that the error affected his substantial rights. The defendant categorically denied telling either the victim or his sister that he was going to kill the victim. The conclusion that would follow these denials, had the jury credited them, is that the conflicting claims of the victim and sister were "made up." The question concerning whether the defendant's sister had fabricated his statement to her, therefore, merely underscored the obvious conflict in the testimony, and we cannot say, upon this record, that the defendant's response to it affected the outcome of the case. See United States v. Robinson, 473 F.3d 387, 396 (1st Cir. 2007). Nor can we say that testimony concerning why the defendant's sister would fabricate the statement affected the outcome. See Drown, 170 N.H. at ___ (slip op. at 8); State v. Willis, 165 N.H. 206, 220 (2013) (distinguishing questions concerning whether another witness is lying, which are improper, from questions concerning whether the other witness has a motive to lie, which are proper and carry a minimal risk of undue prejudice).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2